## IN THE MATTER OF THE ESTATE OF OTTO SROCZEK, DECEASED.

Essex County Court
Probate Division

Decided October 30, 1956.

432

*Messrs. Milton H.* and *Adrian M. Unger (Mr. Milton M. Unger,* appearing), attorneys for administrator.

*Mr. Grover C. Richman,* Attorney-General of New Jersey (*Mr. Joseph P. Lordi,* appearing), attorney for the State of New Jersey.

WAUGH, J. C. C. ▮ This matter having come before the court on an order to show cause why lands should not

be sold to pay debts, the court permitted the administrator to take tentative bids for certain real estate owned by the decedent Otto Sroczek, who died without any known heirs or next of kin. The State, having orally indicated that it would file the certificate required under *R. R.* 4:109–8, that is, that it would not interpose its objection to an order authorizing the sale, finally concluded that the best interests of the State would not be served by consenting to the proposed sale.

The administrator then applied to this court for an order relaxing or dispensing with the above rule.

I have come to the conclusion that this court should not order the sale of lands in this estate unless the State files the certificate required by *R. R.* 4:109–8.

The court has the power to relax or dispense with this rule only "where it shall be manifest * * * that a strict adherence * * * will work surprise or injustice." *R. R.* 1:27*A*. Despite the subsequent change in course taken by the State respecting this proposed sale, the record is barren of any showing of surprise or injustice justifying a relaxation of the rule.

The administrator here was appointed under *N. J. S.* 3*A*:6–14 because the decedent's body was found in his apartment and there were no known heirs or next of kin. He owned over 30 parcels of real estate, many of which were rented, requiring heating, janitor service and the like. It was necessary that his body be given decent burial. It was not possible to comply with *R. R.* 4:99–8. The temporary administrator was thereafter appointed general administrator in accordance with *N. J. S.* 3*A*:6–4.

The administrator subsequently was appointed receiver of the real estate by the Chancery Division. As stated, the decedent left no known heirs capable of inheriting his real estate. Subject to the action in the Superior Court, provided for in *N. J. S.* 2*A*:37–1, title passed to the State of New Jersey on his death.

The administrator has been diligent in his duties and his application to the court to be allowed to sell certain parts

of the real estate is consistent with his opinion that the market is ripe and, considering the condition of the property and the general cash position of the estate, a sale is for the best interests of the estate.

However, administration is temporary, insofar as the real property is concerned. Title to the property passed to the State of New Jersey, subject to the action provided for in *N. J. S.* 2A:37–1. No creditor will suffer if judgment of escheat is entered for the State. See *N. J. S.* 2A:37–8.

In the meantime the administrator has the protection of this court and, as receiver, protection of the Chancery Division. In either capacity, he will be able to perform all necessary duties and functions to preserve the property.

Counsel for the administrator has called the court's attention to *N. J. S.* 3A:24–33, which provides that real estate subject to escheat may be sold to pay debts. This section had its source in the following:

"*C.* 3:25–66.1 (*L.* 1946, *c.* 283, *p.* 964, § 1). *L.* 1946, *c.* 283, *p.* 964, § 1 (*C.* 3:25–66.1) read as follows: 'Hereafter, in any case where real estate may be subject to escheat to the State, proceedings to sell such real estate to pay debts of the decedent may be taken as in other cases, and the court may order such sale to be made in the same manner and to the same extent provided by law for other cases, and the order of the court confirming such sale shall have the same force and effect as similar orders made in other cases; provided, that a copy of the order to show cause why such real estate should not be sold, together with a copy of the petition filed in such proceedings, shall be sent by registered mail to the State Treasurer; and provided, further, that an affidavit of such mailing, together with a certificate signed by the Attorney-General and the State Treasurer certifying that the State will interpose no objection to the making of an order authorizing the sale of such real estate, shall be exhibited to the court at the time set forth for the hearing in such order to show cause.' "

It is noted that a portion of the old statute is now covered by *R. R.* 4:109–8, which provides that

"Where land may be subject to escheat to the State, the court may order such land to be sold to pay debts in the same manner and to the same extent provided for other cases. A copy of the order to show cause why such real estate should not be sold, together with a copy of the complaint filed in the action, shall be sent by

registered or certified mail to the State Treasurer. However, no further proceedings shall be taken in the action unless a certificate, signed by the Attorney General and the State Treasurer certifying that the State will interpose no objection to the making of an order authorizing the sale of such real estate, has been exhibited to the court."

█ Counsel urges that the rule is beyond the power of the Supreme Court under *Article* VI, *Section 2, paragraph 3* of the *New Jersey Constitution* and is in violation of the *Fourteenth Amendment* of the *United States Constitution* and *Article* I, *paragraph 1* of the *New Jersey Constitution.* This is urged on the theory that anyone having a lien upon the land (a substantive property right) could have that right defeated by the State without hearing and without good cause by an arbitrary refusal to give the certificate.

Anyone having a lien upon realty is amply protected by existing statutes. *N. J. S. 2A*:37–8, *N. J. S. 2A*:37–1 *et seq.,* and *N. J. S. 3A*:24–33 are *in pari materia.* The State may permit the sale by the executor or administrator and have the surplus paid into the State Treasury under *N. J. S. 3A*:24–34 and then the Treasurer may pay claims under *N. J. S. 3A*:24–35 or, in the alternative, the State may proceed under *N. J. S. 2A*:37–1 *et seq.* and, after selling the property, at public sale, pay the creditors.

█ The court is, therefore, of the opinion that *R. R.* 4:109–8 is merely procedural. The State is allowed to elect between the above two methods for arriving at the same object, namely, sale of the property and payment of the creditors.

It may be done by direct action in escheat or by issuing the certificate and allowing the administrator to sell.

In the absence of a certificate, required by *R. R.* 4:109–8, the court will not confirm a sale of any of the property in this estate.

It has been represented to the court by the State that it will proceed expeditiously in its action for escheat.

Therefore, the court will not order a relaxation of, or dispensation with, the requirements of *R. R.* 4:109–8.